1  P. Kristofer Strojnik, SBN 242728
2  pstrojnik@strojniklaw.com
   Esplanade Center III, Suite 700
3  2415 East Camelback Road
   Phoenix, Arizona 85016
4  415-450-0100 (tel.)

5  Attorneys for Plaintiff

6

7                    **UNITED STATES DISTRICT COURT**

8                   **SOUTHERN DISTRICT OF CALIFORNIA**

9  THERESA BROOKE, a married woman
   dealing with her sole and separate claim,    Case No:  **'24CV1545 W      DDL**
10
11              Plaintiff,                       **VERIFIED COMPLAINT**

12 vs.                                           **(JURY TRIAL DEMANDED)**

13 BARTELL HOTELS MANAGEMENT
14 COMPANY, a California corporation,

15              Defendant.

16

17      Plaintiff alleges:

18                            **PARTIES**

19      1.      Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled,

20 and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2),

21 the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the

22 California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due

23 to the loss of a leg.

24      2.      Defendant, Bartell Hotels Management Company, owns and/or operates

25 and does business as the hotel Best Western Plus Island Palms Hotel & Marina located

26 at 2051 Shelter Island Drive, San Diego, California 92106. Defendant's hotel is a public

27 accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging

28

1  services. On information and belief, Defendant's hotel was built or renovated after

2  March 15, 2012.

3  **JURISDICTION**

4        3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

5  U.S.C. § 12188.

6        4.      Plaintiff's claims asserted herein arose in this judicial district and

7  Defendant does substantial business in this judicial district.

8        5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

9  in that this is the judicial district in which a substantial part of the acts and omissions

10  giving rise to the claims occurred.

11        6.      Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over

12  Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to

13  decline jurisdiction.

14  **ALLEGATIONS**

15        7.      Plaintiff alleges that Defendant's hotel does not have a compliant access

16  aisle at the passenger loading zone adjacent to the hotel lobby in violation of Sections

17  209 and 503 of the 2010 Standards. An access aisle has specific requirements to be

18  compliant with the Standards: It must be (1) 60 inches wide and at least 20 feet long, (2)

19  it must have an accessible route adjoining it, and (3) it cannot be within a vehicular

20  way. Section 503.3.

21        8.      The requirement for an access aisle at a passenger loading zone is

22  immensely important for a person in a wheelchair such as Plaintiff, as it provides safe

23  access to the entry of the hotel and deters others from placing encumbrances or

24  obstacles there such as a vehicle parking. An access aisle is akin to a cross-walk for

25  pedestrians. Absence of an access aisle where required creates dangerous conditions for

26  a person in a wheelchair such as Plaintiff.

27        9.      Plaintiff formerly worked in the hospitality industry. She is an avid

28  traveler across California for purposes of leisure travel and to "test" whether various

1    hotels comply with disability access laws, doing so at least once per month. Testing is

2    encouraged by the Ninth Circuit.

3         10.    In late August 2024, Plaintiff personally visited Defendant's hotel, which

4    has a passenger loading zone. Defendant's hotel has a passenger loading zone because

5    pickup and dropoff occurs there and it is located directly outside of the lobby entrance.

6    There are also design features showing an intent for utilization as a passenger loading

7    zone. According to the U.S. Access Board Technical Guidelines on Passenger Loading

8    Zones, "many hotel entrances" have the design features indicating an intent to utilize as

9    PLZs.

10        11.    While at Defendant's hotel, she discovered that Defendant's hotel has a

11   barrier to entry to the lobby, which is that the passenger loading zone does not have an

12   access aisle compliant with Section 503.3. It is an absolute requirement to have an

13   access aisle at a passenger loading zone pursuant to Sections 209 and 503. The

14   requirement of an access aisle at a passenger loading zone relates to Plaintiff's

15   disability of not having one leg and being forced to use a wheelchair because access

16   aisles are required so persons in a wheelchair can maneuver without threat of danger

17   from other vehicles and without other encumbrances obstructing their pathway. The

18   lobby, therefore, is inaccessible to Plaintiff by way of the passenger loading zone

19   because there is no access aisle.

20        12.    Plaintiff gained actual and personal knowledge of a barrier while visiting

21   Defendant's hotel (no access aisle at passenger loading zone), and as a result, she was

22   deterred from entering the hotel both from the barrier and due to the lack of equality.

23        13.    Plaintiff has certain plans of returning and staying at the Hotel in

24   February 2025 during one of her many trips across California, in the hopes that

25   Defendant will have remediated the barrier by then.

26        14.    It is readily achievable and inexpensive to modify the hotel to provide an

27   access aisle, which involves painting and measuring tools.

28

1   15.   Without injunctive relief, Plaintiff and others will continue to be unable to

2   independently use Defendant's hotel in violation of her rights under the ADA.

3   **FIRST CAUSE OF ACTION**

4   16.   Plaintiff incorporates all allegations heretofore set forth.

5   17.   Defendant has discriminated against Plaintiff and others in that it has

6   failed to make its public lodging services fully accessible to, and independently usable

7   by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and §

8   121282(b)(2)(iv) and the 2010 Standards, as described above.

9   18.   Defendant has discriminated against Plaintiff in that it has failed to

10   remove architectural barriers to make its lodging services fully accessible to, and

11   independently usable by individuals who are disabled in violation of 42 U.S.C.

12   §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the

13   2010 Standards would neither fundamentally alter the nature of Defendant's lodging

14   services nor result in an undue burden to Defendant.

15   19.   In violation of the 2010 Standards, Defendant's hotel passenger loading

16   zone does not have a disability access aisle compliant with Section 503.3 of the

17   Standards.

18   20.   Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,

19   as described above, is readily achievable by the Defendant. *Id*. Readily achievable

20   means that providing access is easily accomplishable without significant difficulty or

21   expense.

22   21.   Defendant's conduct is ongoing, and Plaintiff invokes her statutory right

23   to declaratory and injunctive relief, as well as costs and attorneys' fees.

24   22.   Without the requested injunctive relief, Defendant's non-compliance with

25   the ADA's requirements that its passenger loading zone be fully accessible to, and

26   independently useable by, disabled people is likely to recur.

27   WHEREFORE, Plaintiff demands judgment against Defendant as follows:

28

4

a.  DECLARATORY Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c.  Payment of costs and attorney's fees;

d.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

23.  Plaintiff realleges all allegations heretofore set forth.

24.  Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

25.  Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

26.  Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

27.  Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

28.  Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

5

1

2        c.  Payment of costs and attorney's fees;

3        d.  Damages in the amount of $4,000.00; and

4        e.  Provision of whatever other relief the Court deems just, equitable and
            appropriate.

5                              **DEMAND FOR JURY TRIAL**

6    Plaintiff hereby demands a jury trial on issues triable by a jury.

7

8    RESPECTFULLY SUBMITTED this 2d day of September, 2024.

9
                                      */s/ P. Kristofer Strojnik*
10                                    P. Kristofer Strojnik (242728)
                                      Attorneys for Plaintiff
11

12                                  **VERIFICATION**

13   I declare under penalty of perjury that the foregoing is true and correct.

14
                      DATED this 2d day of September, 2024.
15

16

17

18

19   Theresa Marie Brooke

20

21

22

23

24

25

26

27

28

6